UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHANIE ANDERSON,     Plaintiff,

v.     Civil Action No. 3:23-cv-452-DJH-RSE

OLDHAM COUNTY BOARD OF EDUCATION,     Defendant.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Stephanie Anderson sued her former employer, the Oldham County Board of Education (the District), alleging that she was demoted and ultimately terminated from her position as Chief Financial Officer for Oldham County Schools in retaliation for reporting wrongdoing by District employees. (Docket No. 1-1; *see* D.N. 25 (amended complaint))  She asserts violations of the Kentucky Whistleblower Act, the Kentucky Civil Rights Act, and the Family and Medical Leave Act, as well as wrongful discharge under Kentucky common law. (D.N. 25)  The District moves for partial dismissal, arguing that Anderson's wrongful-discharge claim is preempted by the Kentucky Whistleblower Act. (D.N. 26-1, PageID.214)  In response, Anderson maintains that her wrongful-discharge claim is properly pleaded in the alternative to her Whistleblower Act claim. (D.N. 31, PageID.245–46)

Under Kentucky law, employer–employee relationships are generally "terminable at the will of either party." *Hines v. Elf Atochem N. Am., Inc.*, 813 F. Supp. 550, 552 (W.D. Ky. 1993) (citing *Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983) ("[O]rdinarily an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible.")).  But when "the termination violates a public policy clearly defined by statute[,] the at-will employee may file a wrongful

1

discharge claim." *Id.* (citing *Grzyb v. Evans*, 700 S.W.2d 399, 400 (Ky. 1985)). "Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party," however, "the aggrieved party is limited to the remedy provided in the statute." *Hill v. Lanier Parking Meter Serv., LLC*, No. 3:09-CV-627-H, 2010 WL 3944725, at *7 (W.D. Ky. Oct. 6, 2010) (quoting *Gryzb*, 700 S.W.2d at 401). In other words, "preemption occurs when the statutes that establish the 'well-defined public policy' violation which supports the wrongful discharge pleading are the same statutes that establish a statutory cause of action for, and structure the remedy for, violations of that public policy." *MacGlashan v. ABS Lincs KY, Inc.*, 84 F. Supp. 3d 595, 601 (W.D. Ky. 2015) (quoting *Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 421 (Ky. 2010)).

Anderson's wrongful-discharge claim is premised on the public policy evidenced by Ky. Rev. Stat. § 61.102—the Kentucky Whistleblower Act. (D.N. 25, PageID.204-05) The Act also provides a cause of action and remedies for violations of the policy. *See* Ky. Rev. Stat. §§ 61.103(2), 61.990(4). Nevertheless, Anderson contends that her wrongful-discharge claim is not preempted but rather is pleaded in the alternative to her claim under the Whistleblower Act. (D.N. 31) She cites *Foster v. Jennie Stuart Medical Center, Inc.*, 435 S.W.3d 629 (Ky. Ct. App. 2013), in support. (D.N. 31, PageID.246-49) In *Foster*, however, the plaintiffs' wrongful-discharge claim was based on a whistleblower statute different from the one at issue here. *See* 435 S.W.3d at 635. And that statute, unlike the Whistleblower Act, "d[id] not set out a civil remedy that would allow [the plaintiffs] to sue [the defendant]." *Id.* at 633-34; *see* Ky. Rev. Stat. § 216B.165; *see also MacGlashan*, 84 F. Supp. 3d at 601 ("MacGlashan's public policy wrongful discharge claim is not preempted because KRS § 216B does not create a statutory cause of action nor does it provide a remedy."). Preemption thus was not at issue in *Foster*.

Here, in contrast, "[n]ot only does the whistleblower statute declare the unlawful act, but it also specifies the available civil remedies, such as[] reinstatement of the employee; payment of back wages; punitive damages; and litigation costs." *Hill*, 2010 WL 3944725, at *7 (citing Ky. Rev. Stat. § 61.990(4)). Anderson's wrongful-discharge claim is therefore preempted, *see MacGlashan*, 84 F. Supp. 3d at 601, and the proper vehicle for relief is her claim under the Whistleblower Act. *See Hill*, 2010 WL 3944725, at *7. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the District's partial motion to dismiss (D.N. 26) is **GRANTED**. Anderson's wrongful-discharge claim (Count Two) is **DISMISSED** with prejudice.

March 12, 2025

David J. Hale, Judge
United States District Court